Pedro J. Ramírez Jusino, Plaintiff, Cross Defendant and Appellant, v. Camila Ramírez Ramírez, Defendant, Cross Claimant and Appellee.

No. 8702. Argued November 16, 1943.—Decided March 6, 1944.

José R. Gelpí for appellant. José Sabater and Vicente Palés Matos for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The question to be decided herein is whether the complaint states facts sufficient to constitute a cause of action, and if not,

whether it is susceptible of amendment. The action is one for "Liquidation of Conjugal Partnership" and it is alleged therein, in substance, that the plaintiff and the defendant, on December 27, 1923, contracted marriage which was dissolved by a final decree of divorce issued on November 8, 1940; that the defendant brought to the marriage the properties specified in an inventory made by the palintiff, copied in the complaint, wherein the plaintiff sets forth the value of said properties at the time of their marriage and at the time of its dissolution. From said inventory there also appear all the properties acquired during marriage, their purchase price, and the improvements and construction made by the plaintiff on the separate properties of the defendant. There is also included in the inventory the fruits, income, and profits derived from the separate and conjugal properties during marriage. It is further alleged that after deducting the debts of the partnership amounting to $5,881.85 as specified in the inventory, the net value of the community property amounts to $333,971.76, half of which plaintiff alleges belongs to him, that is, $166,985.88, which amount is in the hands of the defendant; that the latter refuses to make a liquidation of the conjugal partnership and pay the plaintiff his share of the same, notwithstanding all his efforts to obtain it from the defendant, either in money or in property of the conjugal partnership. The plaintiff further alleged that in addition to the properties referred to, there exist the sugar quotas allotted to several separate properties of the defendant and to others acquired by the conjugal partnership; that said quotas were allotted during marriage and, according to plaintiff, half of the value thereof is $23,000, which amount he claims as his own. At the close of the complaint the prayer textually reads as follows:

"Therefore, the plaintiff prays this Hon. Court *to order, in due course and through legal proceedings, the liquidation and separation of the dissolved conjugal partnership existing between the plain-*

*tiff and the defendant,* adjudging the defendant to deliver to the plaintiff the amount of $166,985.88 as his share and also half of the sugar quotas acquired during the conjugal partnership mentioned in the eleventh paragraph of the complaint, or in default thereof, to pay him $23,000, which is their value, *and if she fails to do so, that the Court by judicial decree order said liquidation and delivery to the plaintiff of his undivided one-half interest from the net assets of the community property,* adjudging her, further, to pay, if she opposes the action, the costs and a reasonable amount for attorney's fees." (Italics ours.)

The defendant interposed a demurrer for insufficiency and the lower court sustained the same, and considering that the complaint could not be amended, rendered the judgment appealed from *sua sponte.*

■■ The lower court, as well as the appellee, maintains that the complaint is insufficient because the plaintiff himself prepared the inventory and because the plaintiff sought an amount which, in his belief, was the value of his share and not the undivided interest in the community property to which he was entitled.

In our opinion, the fact that the plaintiff includes in the complaint what he believes is the inventory and appraisal of the community property does not prejudice his cause of action. There must exist community properties before the liquidation of the conjugal partnership be made, and the existence of said community properties may be established by attaching to the complaint a list of the same, their value, and the debts of the conjugal partnership since, according to § 1322 of the Civil Code (1930 ed.), the net remainder of the partnership property shall be divided, share and share alike, between the husband and wife, or their respective heirs. The fact that said inventory is included as part of the complaint does not mean that the court is bound to accept the same as correct and rely on it for a determination of the share corresponding to each party in the dissolved conjugal part-

nership.   Plaintiff himself prays in his complaint, as we have
seen, that the court *order, in due course and through legal
proceedings the separation of the dissolved conjugal partner-
ship* and further prays that in default of payment, *the court
order by judicial decree said liquidation and delivery to the
plaintiff of his undivided one-half interest from the net
assets of the community property.*

The fact that plaintiff seeks either the amount which, in
his belief, is the value of his share, or in default thereof, the
undivided one-half interest in the community property, does
not prejudice his cause of action.   No authorities are needed
to maintain that the prayer of a complaint does not affect
the cause of action.   It is the duty of the court to afford the
plaintiff relief in accordance with the pleadings, with greater
reason herein where the plaintiff actually prays for it.   He
does not expressly apply for the appointment of a com-
missioner in partition (*contador—partidor*), but by praying
the court *to order by judicial decree the liquidation and
delivery to the plaintiff of his undivided one-half interest
from the net assets of the property,* he is impliedly seeking
from the court the appointment of a commissioner in partition
to prepare the inventory, the appraisal, and the liquidation
of the conjugal partnership, according to law.   We must not
overlook § 122 of the Code of Civil Procedure (1933 ed.)
which was in force when the judgment appealed from was
rendered, and provided that "In the construction of a plead-
ing, for the purpose of determining its effect, its allegations
between the parties."   Due to the conclusion we have reached,
it seems advisable to refer here to the Rules of Civil
Procedure now in force which provide in No. 8 (*f*) and 81
(*b*) the following:

"(*f*) *Construction of Pleadings.*   All pleadings shall be so con-
strued as to do substantial justice."

"81 (*b*) *Errors in the Title or Prayer for Relief.*   Any error in
the title of the action brought or in the prayer for relief shall not

preclude the court from disregarding the error thus committed and granting the appropriate remedy in accordance with the pleadings and the proof."

For the reasons stated, the judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.